**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

Civil Action No. 09-cv-02299-MSK-CBS

**THOMAS HOWELL,**

       **Plaintiff,**

**v.**

**CENTRIC GROUP, LLC; and
SCENTOILS.COM, INC.,**

       **Defendants.**

---

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER AND
DENYING AS MOOT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

---

**THIS MATTER** comes before the Court on Plaintiff Thomas Howell's Motion for

Reconsideration under Fed. R. Civ. P. 59(e) **(#157)**, to which Defendant Centric Group, LLC

("Centric") responded **(#159)**, and Mr. Howell replied **(#166)**.  Also at issue are Defendant

Scentoils.com, Inc.'s ("Scentoils") Motion for Summary Judgment (#**120)**, Mr. Howell's

response (#**136)**, and Scentoils' reply (#**140)** and Mr. Howell's Motion for Summary Judgment

against Scentoils (#**135)**, to which Scentoils responded (#**135)**, and Mr. Howell replied (#**155)**.

Having considered the same, the Court **FINDS** and **CONCLUDES** the following.

**I.   Background**

This is a product defect case.  Mr. Howell is an inmate in the custody of the Colorado

Department of Corrections ("CDOC").  At some point before or around 2006, finding the air in

his cell to have an unpleasant smell, Mr. Howell acquired a bottle of anise-scented oil from the

prison canteen.  The bottle of oil was sold by Defendant Centric, which it obtained from

Defendant Scentoils (a/k/a J & N Enterprises).  Between July 28, 2006 and August 2, 2006, Mr.

Howell repeatedly applied the oil to the area between his nose and upper lip, three to four times

per day.  In addition, on August 2, he also held the bottle to his nose for extended intervals (at

least five minutes at a time) for several hours.   The next morning, Mr. Howell experienced pain,

bleeding, and irritation around the area where he had applied the oil to his upper lip.  He

thereafter lost his sense of smell.  He sought medical treatment, and submitted medical records

from those visits in support of his claims in this action.[1]

This Court issued an Order (**#127**) on September 27, 2011 granting Centric's Motion for

Summary Judgment on the grounds that expert testimony was required to prove specific

causation, an element of all of Mr. Howell's claims.  Because Mr. Howell had not proffered or

disclosed an expert who could opine that use of the oil caused either the symptoms complained

of on Aug 2, or Mr. Howell's loss of smell, the Court concluded that Mr. Howell's evidence[2]

was insufficient to carry his burden of proof as to this element and granted summary judgment in

favor of Centric.

---

[1]Construed liberally, Mr. Howell's Second Amended Complaint (**#76**) alleges four claims: (i) common-law negligence, (ii) negligence *per se*, in that the Defendants' manufacture and distribution of the oil violated C.R.S. § 25-5-403, a statute prohibiting misbranded drugs, devices, or cosmetics; (iii) a common-law claim for strict products liability; and (iv) a common-law claim for failure to warn.

[2]Mr. Howell's evidence as to causation consisted of a Materials Safety Data Sheet ("MSDS"), which warned of certain health hazards that could result from exposure to the oil, including allergic dermatitis and "anesthetic effects."  In addition, he offered his medical records.  He disclosed his medical providers as fact witnesses under Fed. R. Civ. P. 26(a) but endorsed no expert.

Mr. Howell moves[3] for reconsideration of that order, offering a number of arguments and case citations seeking to reinstate his claims against Centric. Scentoils and Mr. Howell also move for summary judgment on the issue of whether Scentoils is a manufacturer subject to liability for any defect in the scented oil. However, because the issue of causation is dispositive of all the claims, the Court first addresses the Motion for Reconsideration.

## II.   Analysis

### A.   Motion for Reconsideration

A motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) should be granted only to address (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Such a motion is not an appropriate vehicle to "advance arguments that could have been raised in prior briefing." *Id.* *See also Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) ("A Rule 59(e) motion to alter or amend the judgment should be granted only 'to correct manifest errors of law or to present newly discovered evidence'") (citations omitted).

Mr. Howell does not contend that there has been an intervening change in the controlling

---

[3]The Court is mindful that Mr. Howell is proceeding *pro se* and, therefore, the Court construes Mr. Howell's pleadings liberally and holds Mr. Howell to a "less stringent standard" than pleadings drafted by lawyers in accordance with *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such liberal construction is intended merely to overlook technical formatting errors, poor writing style, and other defects in the party's use of legal terminology, citation, and theories. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, cannot act as a *pro se* litigant's legal advocate, and a *pro se* plaintiff retains the burden to allege sufficient facts to state a viable claim. Furthermore, *pro se* status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court must apply the same standard to counsel licensed to practice law and to a *pro se* party. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

law.  More importantly, he does not offer any new or additional evidence from any witness regarding specific causation, but rather only speculates as to the content of the testimony his treating physicians might provide if permitted to testify.  Otherwise, he asserts a variety of arguments as to why he believes the Court's determination was in error.

Because Mr. Howell did not raise these arguments in his response to Centric's Motion for Summary Judgment, his motion could be denied outright.  Nonetheless, mindful of Mr. Howell's *pro se* status and the difficulties attendant with his incarceration in pursuing this litigation, the Court will briefly review and respond to Mr. Howell's arguments.

<u>First</u>, Mr. Howell contends that his treating physicians should be able to testify about causation and that no expert report is required for a treating physician under Fed. R. Civ. P. 26(a)(2)(B), which applies only to retained experts.  Mr. Howell is only partially correct.

Mr. Howell provided records from his medical treatment following the injury.  These included a diagnosis that Mr. Howell had a "rash and other nonspecific skin eruption - probably chemical burn to right side upper lip adjacent to nares" and that Mr. Howell's loss of smell was likely "due to injury of specialized nerve tissue at the top [of his] nose and his sense of smell may never come back."  Mr. Howell's physicians could certainly testify consistent with the medical records as to these matters and his disclosure was adequate to establish his condition at a particular point in time.

However, the records do not contain any opinion by Mr. Howell's medical providers that his injuries were specifically caused by the anise oil, or more importantly that Mr. Howell lost his sense of smell due to the anise oil.   Expert opinion testimony is governed by Fed. R. Evid. 702.  Contrary to Mr. Howell's understanding, he is required to disclose a witness who will testify as an expert in the form of an opinion. See Fed. R. Civ. P. (a)(2)(A) ("In addition to the

disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702 . . . .”). Extensive disclosures are required for a retained expert, but even for a non-retained expert (a category that could include Mr. Howell's treating physicians) a party must disclose the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702 and a summary of the facts and opinions to which the witness is expected to testify.  Fed. R. Civ. P. 26(a)(2)(C).  The medical records disclosed by Mr. Howell do not satisfy this requirement, and in the absence of any showing regarding what Mr. Howell's medical providers could or would testify with respect to causation, Mr. Howell has not shown that the Court's ruling was in error.

Second, Mr. Howell argues that his failure to provide a disclosure should be excused and the evidence from his treating physicians should not be excluded.  Mr. Howell misapprehends the issue.  The Court did not rule that Mr. Howell's evidence should be excluded under Fed. R. Civ. P. 37 as a sanction, but rather that he had not come forward with evidence sufficient to carry his burden of proof as to this element of the claim.  Mr. Howell's treating physicians might be capable of providing the testimony he requires, but he has made no showing as to what their opinion in this regard would be.  This is the purpose of the expert disclosure - it explains what the witness will testify about and the basis for the opinions.  Therefore, in the absence of a disclosure or other evidence, Mr. Howell cannot show that he can come forward with evidence sufficient to establish causation at trial.[4]

Third, Mr. Howell argues that expert testimony is not required to prove causation

---

[4]Mr. Howell requests that he be permitted to file a late designation and report, or that a hearing be held.  However, in the absence of any showing of what that report would contain, he fails to demonstrate that it would be sufficient to carry his burden of proof.

because he has already shown that the anise oil is capable of causing harm.  As the Court noted in its Order,  Mr. Howell must establish two types of causation: (i) that the substance at issue is capable of causing a particular injury or condition (general causation); and (ii) that the substance actually caused his particular injury (specific causation).  *Norris v. Baxter Healthcare Corp*., 397 F.3d 878, 881 (10th Cir. 2005).  The Court has already determined that Mr. Howell's evidence may be sufficient to establish general causation, but not to establish specific causation.  The cases cited by Mr. Howell concern the reliability or admissibility of a given expert's testimony on causation, but do not stand for the proposition that no expert testimony is required in the case presented here.

Fourth, Mr. Howell contends that a differential diagnosis by his physicians would be sufficient to establish causation.  Again, however, this argument is based on Mr. Howell's speculation about what his medical providers would testify to at trial, and is therefore insufficient to demonstrate that the Court's ruling was in error.

Fifth, Mr. Howell takes on an argument proffered by Centric in its Motion for Summary Judgment regarding its obligation to protect against unknown sensitivities, allergic reactions or other idiosyncrasies with respect to the product's safety.  This was not a basis for the Court's decision and is immaterial to the causation issue.  The Court did not shift any burden to Mr. Howell to disprove one of Centric's defenses, as Mr. Howell contends.  Rather, it held that without expert testimony Mr. Howell could not prove that it was the anise oil, rather than something else, that actually caused his injuries.  Therefore, Mr. Howells arguments and case law concerning product dangerousness and foreseeability of harm do not demonstrate that the Court's order was erroneous.

Finally, Mr. Howell objects to the Court's description of how he used the product,

contending that Centric submitted false evidence in connection with its Motion for Summary Judgment. The description, however, came from Mr. Howell's own account of what happened during the relevant time period according to his handwritten log, purportedly kept contemporaneously. Plaintiff's Exh. O, submitted in support of Motion for Summ. J. (#83) ("I have been putting the bottle of anise oil on or directly under my nose from about July 28 to August 2, 2006. Maybe 3 or 4 times a day I would do this from July 28 to August 1. Then the morning (midnight onward) of August 2, 06 I held the bottle directly under my nose as I was lieing [sic] on my bed watching TV several times and just held it there sometimes at least 5 minutes at a time for several hours."). Although Mr. Howell now denies that he ever used the product in this manner, the Court made its findings based on Mr. Howell's own statements and evidence. Mr. Howell also disputes certain statements regarding how long Centric had been selling the product. Again, however, this was not a fact relied upon by the Court in its decision to grant summary judgment in favor of Centric and so any error in this regard is immaterial.

Mr. Howell has not shown that the Court's order was in error or otherwise carried his burden under Fed. R. Civ. P. 59(e). The Court reaffirms its order granting summary judgment in favor of Centric.

**B.      Motions for Summary Judgment**

Because causation is an essential element of the claims asserted against Scentoils, judgment in favor of Scentoils is also appropriate. The Court, therefore, declines to address the arguments contained in Scentoils' Motion for Summary Judgment, and denies the motion as moot. Similarly, because Mr. Howell's claims fail regardless of whether Scentoils is a manufacturer, his Motion for Summary Judgment is also denied as moot.

**IT IS THEREFORE ORDERED** that

(1)     Plaintiff Thomas Howell's Motion for Reconsideration under Fed. R. Civ. P.

        59(e) (**#157**) is **DENIED**.

(2)     Defendant Scentoils.com, Inc.'s Motion for Summary Judgment (**#120**) is

        **DENIED AS MOOT**.

(3)     Mr. Howell's Motion for Summary Judgment against Scentoils (**#135) is**

        **DENIED AS MOOT**.

(4)     The Clerk shall enter judgment in favor of Centric and Scentoils and against Mr.

        Howell on all claims.

(5)     The Defendants may have their costs.

Dated this 28th day of March, 2012

                    **BY THE COURT:**

                    _____

                    Marcia S. Krieger
                    United States District Judge